IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-182-RLV-DSC

| | | |
|---|---|---|
| CHASTITY DAVIDSON, in her individual capacity and as Administratrix of the Estate of ANTHONY DEWAYNE DAVIDSON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CITY OF STATESVILLE; OFFICER DAVID WAYNE LOWERY, in his individual and official capacity; OFFICER WILLIAM HOWARD GOFORTH, in his individual and official capacity; IREDELL COUNTY SHERIFF PHILLIP H. REDMOND, in his individual and official capacity; "JOHN DOE SURETY COMPANY"; OFFICER JASON PATRICK CLOER, in his individual and official capacity; CORPORAL CHANCE ALLEN WILLIAMS, in his individual and official capacity; and OFFICER MARC ANTHONY CUDDY CARMONA, in his individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CONSENT PROTECTIVE ORDER** |
| Defendants. | ) ) ) | |

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, by and with the

consent of the parties, it is hereby **ORDERED** as follows:

1.      All documents that purport to be personnel records or contents of

personnel files, as defined by N.C.G.S. § 160A-168 and N.C.G.S. § 153A-98 via court

order or release which are produced in this matter, including, but not limited to those that

pertain to Defendant City of Statesville Police Department's Internal Investigation Report of the incident complained of, the Defendants David Wayne Lowery, Marc Anthony Cuddy Carmona and William Howard Goforth, the Iredell County Sheriff's Office Internal Investigation Report of the incident complained of, and the Defendants Chance Allen Williams and Jason Patrick Cloer shall be deemed "Confidential Documents" within the meaning of this Order.

2.      All documents which are deemed "Confidential Documents" under this Order, except those "Confidential Documents" which are specifically precluded by law from being released, will be released pursuant to the provisions of this Order.

3.      Except as may be otherwise provided by further order of the Court, documents designated as "Confidential Documents," as well as the matters contained therein, and any summaries thereof, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 4 below.

4.      Access to or use of any documents, or any part thereof, designated as "Confidential Documents" as well as the matter contained therein, shall be limited to this case only, and only to:

(a)      The Court;

(b)      The parties, Attorneys of Record for the parties, their associates, assistants and employees;

(c)      Consultants and experts involved in the preparation of this action;

(d)      Court reporters, their transcribers, assistants and employees;

(e)     Deposition or trial witnesses to the extent that it is necessary to tender to such witness as an exhibit a "confidential document" in order to elicit testimony relevant to the matters at issue in this case.

5.      Individuals who are permitted to review the "Confidential Documents" pursuant to Paragraph No. 6 are hereby ordered not to show, convey, or reproduce any document so designated, or parts thereof, or copies thereof, or to communicate the content thereof to any individual or entity who would not otherwise have access to said documents under the provisions of this Order.

6.      Any document designated as "confidential" and filed with the Court in any brief referring to such document shall be kept by the Clerk under seal and shall be made available only to the Court and persons authorized by the terms of this protective Order to have access thereto.  The party filing any such "Confidential Documents" shall be responsible for designating to the Clerk that it is subject to the protective Order.  A non-filing party may so notify the Clerk and request that the documents be kept under seal. Any request that the documents be kept under seal by the Court may, upon application by a party, be subject to review by the Court.  At the conclusion of this case, such "Confidential Documents" as have thus been filed with the Court under seal shall be returned to the party producing the documents.

7.      Written material consisting of, or revealing confidential information, shall be filed with the Clerk of Court in a sealed envelope or other sealed container on which shall be endorsed with the title of the Action, indication and nature of the contents, the word "Confidential."  In the case of briefs, such as Summary Judgment, they <u>shall not</u>

have to be filed under seal, but Exhibits containing "confidential information" shall be, unless the parties otherwise agree.

8. In the event that any party disagrees with the designation of any documents as "Confidential Documents," Counsel shall first try to dispose of such dispute in good faith and on an informal basis. If any party objecting to the confidential designation of material continues to contest the confidential nature of any document or information produced pursuant in this matter and designated as "Confidential" written notice shall be given setting forth with specificity the document or information to which the objecting party contends is not confidential and the parties intention to apply to the Court for removal of the confidential designation as to the specific document or information contained in the notice. This Court shall then determine the continued confidentiality of the document or information. Any document or information as to which such motion is made shall remain designated as "Confidential" under the provisions of this Protective Order until further order of this Court.

9. To the extent that any applicable law might require an order of the Court prior to producing Confidential Documents due to confidentiality, this Order shall constitute such order and the parties shall produce such Confidential Documents to the extent that they are otherwise discoverable and responsive.

10. At the conclusion of this case, any documents produced which are subject to this protective Order will be returned to the providing party, or in the alternative, counsel shall certify that all copies of such documents have been destroyed.

11. This Order is without prejudice to such other objections, protections, and privileges as the parties might assert.

12.     Nothing herein shall require production of documents or items which may not be produced by law.

**SO ORDERED**.                    Signed: March 29, 2011

David S. Cayer
United States Magistrate Judge

**CONSENTED TO BY**:


/s/ William L. Hill
William L. Hill (NCSB #21095)
FRAZIER HILL & FURY, R.L.L.P.
500 W. Friendly Avenue, Suite 100
P.O. Drawer 1559
Greensboro, NC 27402-1559
Telephone: (336) 378-9411
Facsimile: (336) 274-7358
whill@frazierlawnc.com
*Attorney for Defendants City of Statesville,*
*Lowery, Goforth and Carmona*



/s/ James E. Ferguson
James E. Ferguson, II (NCSB #1434)
/s/ Lareena J. Phillips
Lareena J. Phillips (NCSB #36859)
FERGUSON, STEIN, CHAMBERS,
   GRESHAM, & SUMTER, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204
Telephone: (704) 375-8461
Facsimile: (704) 334-5654
*Attorneys for the Plaintiff*

/s/ Patrick H. Flanagan
Patrick H. Flanagan (NCSB #17407)
CRANFILL, SUMNER & HARTZOG, LLP
2907 Providence Road, Suite 200
Charlotte, NC 28211
Telephone: (704) 332-8300
*Attorney for Defendants Redmond, Cloer*
*and Williams*