UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:10-CV-182

CHASTITY DAVIDSON, in her individual)
capacity and as Administratrix of    )
the Estate of ANTHONY DEWAYNE        )
DAVIDSON,                            )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )
                                     ) D E P O S I T I O N
CITY OF STATESVILLE;                 )
OFFICER DAVID WAYNE LOWERY, in his   )
individual and official capacity;    )
OFFICER WILLIAM HOWARD GOFORTH, in   )
his individual and official capacity)
IREDELL COUNTY SHERIFF               )
PHILLIP H. REDMOND, in his           )
individual and official capacity;    )
OHIO CASUALTY;                       )
OFFICER JASON PATRICK CLOER, in his  )
individual and official capacity;    )
and OFFICER MARC ANTHONY CUDDY       )
CARMONA, in his individual of        )
official capacity,                   )
                                     )
                    Defendants.      )
                                     )

-----------------------------------

-------------------------------------------
                SHERIFF PHILLIP H. REDMOND
-------------------------------------------


TAKEN AT THE OFFICES OF:                    COPY
Iredell County Sheriff's Office
230 North Tradd Street
Statesville, North Carolina   28687


                        10-5-11

                        10:55 A.M.

            ---------------------------

                Herman D. Wyatt
                Court Reporter

            Wyatt Legal Services, LLC
             3936 Elizabeth Glen Way
               Jamestown, NC 27282
                  (336) 510-8515

DEFENDANT'S
EXHIBIT


**ATTORNEY NOTES**

PAGE LINE        SUBJECT MATTER        RELATES TO        ACTION

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

_____  _____        _____        _____

10-5-11   Davidson vs. City of Statesville\5:10-CV-182    COPY

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

### APPEARANCES OF COUNSEL

Lareena Phillips, Esquire
**FERGUSON, STEIN, CHAMBERS, GRESHAM
& SUMTER, PA**
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204


Patrick Flanagan, Esquire
**CRANFILL SUMNER & HARTZOG, L.L.P.**
2907 Providence Road, Suite 200
Charlotte, North Carolina 28211


William Rozell, II, Esquire
**FRAZIER HILL & FURY, R.L.L.P.**
500 W. Friendly Avenue, Suite 100
Greensboro, North Carolina 27401


### OTHER APPEARANCES

(None)

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 3 of 26

## I N D E X

STIPULATIONS                                                    5

EXAMINATION

    By Ms. Phillips                                          6

_____

ADJOURNMENT                                                    23

REPORTER CERTIFICATE                                           24

WITNESS CERTIFICATE                                            25

ADDENDUM                                                       26

## E X H I B I T S

| Name | Offered By | Identified |
|------|-----------|-----------|
| (None Offered) | | |

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 4 of 26

## STIPULATIONS

Pursuant to Notice and/or consent of the parties, the deposition hereon captioned was conducted at the time and location indicated and was conducted before Herman D. Wyatt, Notary Public in and for the County of Guilford, State of North Carolina at Large.

Notice and/or defect in Notice of time, place, purpose and method of taking the deposition was requested. Formalities with regard to sealing and filing the deposition were waived, and it is stipulated that the original transcript, upon being certified by the undersigned court reporter, shall be made available for use in accordance with the applicable rules as amended.

It is stipulated that objections to questions and motions to strike answers are reserved until the testimony, or any part thereof, is offered for evidence, except that objection to the form of any question shall be noted herein at the time of the taking of the testimony.

Reading and signing of the testimony was requested prior to the filing of same for use as permitted by applicable rule(s).

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 5 of 26

1          The witness, **SHERIFF PHILLIP H. REDMOND**,

2     being first duly sworn to state the truth, the

3     whole truth, and nothing but the truth, testified

4     as follows:

5          (10:55 a.m.)

6                    **EXAMINATION**

7     BY MS. LAREENA PHILLIPS:

8          Q.   Sheriff Redmond, thank you for being

9     with us here today.

10         A.   Yes, ma'am.

11         Q.   I know you're a busy man so I'll start

12    by have you ever -- asking if you've ever been

13    deposed before?

14         A.   Yes, ma'am.

15         Q.   I'm sure you have.  And I'll just say,

16    which I'm sure you already know, that I ask that

17    you listen to my questions.  If I ask a question

18    that's unclear just let me know and I'll do my

19    best to clear it up for you.  If at any point you

20    need to take a break just let me know and we'll

21    make sure you get that break and if you do need to

22    take a break and I'm in the middle of asking a

23    question I just ask that you finish answering that

24    question before we break.

25              Can you start by stating your name for

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 6 of 26

1    the record?

2         A.    Phillip H. Redmond.

3         Q.    And what's your current employment?

4         A.    Sheriff of Iredell County.

5         Q.    And how long have you been the sheriff

6    of Iredell County?

7         A.    Since December of 1994.

8         Q.    Okay.  And prior to serving as sheriff

9    of Iredell County what else were you doing?

10        A.    Eight years prior -- well, prior to

11   serving as sheriff I was in business for myself. I

12   owned a Superette and a restaurant, hardware store

13   and an oil company.  Prior to that I was with the

14   Iredell County Sheriff's Office in 1974 to 1985

15   and then from '85 until '94.

16        Q.    And you said you owned a Super Ed?

17        A.    Superette, a convenience store.

18        Q.    Okay.  And so while you were with the

19   sheriff's department you were -- you were running

20   the Superette and the hardware store?  I'm sorry I

21   got -- getting them --*

22        A.    I confused you.  Prior to being with the

23   sheriff's office I built and owned and operated a

24   Superette, --*

25        Q.    Okay.

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

1          A.    --* a restaurant and an oil company.

2          Q.    Okay.  Got you.  All right.  And you

3    started with the sheriff's department in '74?

4          A.    Yes, ma'am.

5          Q.    Okay.  And you went from '74 to '85?

6          A.    Yes, ma'am.

7          Q.    All right.  What roles did you serve or

8    what positions did you hold with the sheriff's

9    department from '74 to '85?

10         A.    I started out as a -- we called it a

11   jailer back then, detention officer.  Promoted to

12   the road, promoted to an investigator, also a

13   narcotics investigator, enforcement captain and

14   then chief deputy.

15         Q.    So you've hold -- held almost every role

16   you can --

17         A.    Yes, ma'am.

18         Q.    -- within the department?  And prior to

19   serving with Iredell County had you ever held any

20   other law enforcement position?

21         A.    No, ma'am.

22         Q.    Officer Redmond, let me ask you about

23   your role in investigating any of the facts or

24   circumstances surrounding the incident that

25   happened at the jail July 26th of 2008.

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC  Document 38-9  Filed 11/30/11  Page 8 of 26

1        A.    I was informed by my chief deputy, Rick

2   Dowdle, of a situation and then he advised me that

3   he had asked Internal Affairs officers to

4   investigate.  At the same time he advised me that

5   the SBI had been called in by the Statesville

6   Police Department to investigate so --

7        Q.    And when were you first told by Rick

8   about the incident?

9        A.    During the time it occurred.  I don't

10  remember what day it was or -- it was three or

11  four years ago now, but soon after it had happened

12  he notified me.

13       Q.    Do you think it would have been the same

14  day?

15       A.    It could have been, could have been.

16  That night or it might not be -- I just don't

17  recollect.

18       Q.    Okay.  It wouldn't have been any more

19  than two days or --*

20       A.    Oh, no, no, ma'am.

21       Q.    And what did Rick tell you about the

22  incident?

23       A.    Well, to the best of my recollection

24  that a situation had occurred at the jail and they

25  had to transport the person to the hospital and he

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 9 of 26

1    later expired.

2          Q.   So at the time that you spoke with Mr.

3    Dowdle Mr. Davidson had already passed away?

4          A.   Yeah, I -- yeah, I'm sure of it.  Well,

5    I think he had.  It was during that time he

6    notified me.  I can't tell you a specific time or

7    date.

8          Q.   Okay.  And what's typically the

9    procedure by which you would be informed of a

10   situation like the one that took place July 26th

11   of 2008?

12         A.   Okay.  I delegate responsibilities here

13   and I have a jail administrator who reports to the

14   chief deputy who is a former jail administrator.

15   And then he informs me what they -- what's

16   happened, what they've done and what the progress

17   is.

18         Q.   And in July of 2008 who was the jail

19   administrator?

20         A.   Bert Connolly I believe, Connolly.

21         Q.   And who was the chief deputy?

22         A.   Rick Dowdle, D-o-w-d-l-e.

23         Q.   Is that the same Rick we were talking

24   about earlier?

25         A.   Yes, ma'am.

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515
Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 10 of 26

1          Q.    Okay.  So I was pronouncing --*

2          A.    Yes, ma'am.

3          Q.    -- his name wrong, it's Rick Dowdle?

4          A.    Dowdle.

5          Q.    Okay.  So after you're informed of an

6     incident and informed that the -- or in this case

7     informed that Internal Affairs and SBI would get

8     involved what's your role from then on?

9          A.    Well, I don't -- I wait for a report

10    from them.  I don't have a -- I delegate that

11    responsibility.  They handle those situations and

12    then just let me know what takes place.

13         Q.    And do you recall the first time you

14    heard anything else about the incident after you

15    were told that it occurred?

16         A.    Not specifically.  I just -- I know that

17    Chief Dowdle made me aware of the fact that the

18    Internal Affairs investigation had been completed

19    and that everything looked fine.  And that the SBI

20    had -- was investigating through the Attorney

21    General's Office and things looked good and that's

22    it.

23         Q.    And by things looked good --

24         A.    Well, they didn't find us at any fault.

25         Q.    In your role as sheriff are you

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

1    responsible for providing any information to the

2    public regarding an incident of this nature?

3          A.   Well, I can.  I mean, you know, -- you

4    know, we deal with the public everyday.

5          Q.   Do you recall speaking to the media or

6    the public regarding this incident?

7          A.   I didn't speak to the media about it --

8          Q.   Okay.

9          A.   -- to the best of my recollection.

10         Q.   And do you recall speaking to the

11   family?

12         A.   It seemed like at some time after that

13   and I can't tell you who it was, but it was --

14   Chief Dowdle was present.  It was -- I think it

15   was a member of the family.

16         Q.   And you say you don't recall anything

17   about that meeting?

18         A.   No, it just -- sure don't.

19         Q.   Do you know if it would have been his

20   wife that you spoke with, Mr. Davidson's wife?

21         A.   I honestly can't tell you who it was.

22   It's long ago.  I know there was a gentleman

23   present, I can't tell you -- I don't know if it's

24   his father or his brother, I don't remember that.

25         Q.   And do you recall any details of the

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 12 of 26

1    conversation?

2         A.   No, ma'am.

3         Q.   Did you have any contact with any of

4    your deputies that were involved to discuss the

5    incident?

6         A.   No, ma'am.

7         Q.   So you don't speak with Deputy Cloer

8    about it?

9         A.   No, ma'am.

10        Q.   And you didn't speak with Deputy

11   Williams?

12        A.   No, ma'am.

13        Q.   Okay.  Did you speak with anyone at the

14   Statesville Police Department about --

15        A.   No.

16        Q.   -- the incident?

17        A.   Excuse me, no, ma'am.

18        Q.   And do you believe Rick Dowdle may have

19   spoken with them?

20        A.   I have no knowledge of it.

21        Q.   All right.  Let me ask you a little more

22   generally about some of the policies of the

23   Statesville Sheriff's Department.  Do you know

24   whether or not you all have a policy on tasing

25   someone while handcuffed?

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 13 of 26

1          A.    Yes, ma'am.

2          Q.    And what's that policy?

3          A.    Well, it's part of our SOP.

4          Q.    And can you give me a little bit more

5     details as to what a SOP is and --

6          A.    It's standard operating procedures and

7     it's prepared by a team of attorneys and reviewed

8     by the staff and signed off by -- it goes through

9     Chief Dowdle, he recommends we -- he makes his

10    recommendation as far as the jail is concerned

11    about the -- we need to -- this is the way we want

12    it.

13         Q.    And what's the recommendation that you

14    provide to your deputies regarding tasing a person

15    that's handcuffed?

16         A.    They're -- the SOPs presented to all of

17    them, they go through the classes, they talk about

18    what -- that's their guide.  The SOP tells them

19    how they should handle every procedure.

20         Q.    And do you know what the procedure is

21    yourself?

22         A.    No, ma'am, I delegate that

23    responsibility to Chief Dowdle.

24         Q.    In your many years of experience in law

25    enforcement have you ever known what policies

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515
Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 14 of 26

1    existed regarding tasing someone who's handcuffed?

2         A.    Well, I know every agency has policies,

3    but I never carried a taser so, you know, -- and

4    with delegating authority like I do I've got chief

5    deputies and jail administrators and lieutenants

6    who --* that's their responsibility.

7         Q.    And do you take -- let me start over.

8         Do you make it part of your

9    responsibilities to have an idea as to what your

10   deputies are doing and what they're being taught

11   as far as policy?

12        A.    Again, it's prepared by attorneys and

13   then that's why I delegate authority, I can't be

14   everywhere.  That's why I delegate different folks

15   for different responsibilities and that's their

16   responsibilities as training and overseeing of the

17   folks under them.

18        Q.    And in the event a deputy is disciplined

19   would you take any parts in that?

20        A.    No, ma'am.

21        Q.    And who handles those?

22        A.    They come through the chief deputy.

23        Q.    Does the chief deputy advise you as to

24   how he thinks an officer or a deputy should be

25   disciplined?

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 15 of 26

1          A.    He'll get -- he'll advise me of what

2     happened and what's he recommended to do and what

3     he's going to do.   And, you know, if I was to find

4     a problem with it I could say, no, but again he's

5     got many years experience and that's why I have

6     him in that position.

7          Q.    Would you say you're the final authority

8     though on handling discipline?

9          A.    Actually I would be, yes.

10         Q.    So everything is run by you and then

11    they give you the recommendation and if you have

12    an issue with it --

13         A.    They have the authority to make the

14    decisions.

15         Q.    Uh-huh (yes).

16         A.    The jail administrators as well as the

17    chief deputy they have the authority to make the

18    decisions that need to be made under them.   They

19    just keep me abreast of what they did and why they

20    did it.

21         Q.    All right.   We've talked some about

22    whether or not you all had a policy on tasing

23    someone while handcuffed and I'm correct to say

24    that you did have a policy, right?

25         A.    Yes, ma'am.

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 16 of 26

1       Q.   But you're saying today that you didn't

2   know what the policy was?

3       A.   No, I just know it's part of our

4   standard operating procedures.

5       Q.   Right.

6       A.   And the chief -- the chief deputy is

7   familiar with it, helps teach it and --

8       Q.   Okay.  What about a policy on handling

9   someone who's suspected to have a mental illness,

10  do you know if Iredell County has a policy?

11      A.   I'm sure they do.  I can't tell you

12  about everything, it's a -- it's real thick.  It's

13  a lot of pages, but we have policies for every

14  situation.

15      Q.   Your chief deputy would have knowledge

16  of the policy?

17      A.   Yes, ma'am.

18      Q.   Sheriff Redmond, I'm going to ask you

19  just some general questions and, you know, again

20  you've been with law enforcement for awhile so if

21  you can answer these just let me know.  But do you

22  know whether or not your deputies are trained on

23  when it's appropriate to shock a person multiple

24  times?

25      A.   I haven't been through the training, but

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

1    again the jail administrator or the chief deputy

2    could answer that, but they do go through

3    training.

4         Q.   Okay.  Are you aware of any of the

5    specific findings that were made in the

6    investigation regarding the death of Anthony

7    Davidson?

8         A.   No, ma'am, just our internal

9    investigation found that everybody acted

10   appropriately.

11        Q.   Okay.  Are you aware that the SBI

12   investigation determined that there was at least

13   10 deployments of the taser?

14        A.   No, ma'am.

15        Q.   And are you aware that those 10

16   deployments came from both the Statesville

17   officers and the Iredell County Sheriff's

18   deputies?

19        A.   No, ma'am.

20        Q.   In your experience as -- with law

21   enforcement and I'll also say as a sheriff of

22   Iredell County has anyone ever been -- let me

23   start this over.

24             Do you recall any deaths that happened

25   in proximity to a suspect being tasered at the

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515
Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 18 of 26

1    Iredell County Sheriff's Department since you --*

2                        MR. FLANAGAN:   Since he's been the

3    sheriff?

4         Q.   Yes, since you've been the sheriff?

5         A.   Not to my recollection.

6         Q.   And to your recollection have there any

7    -- have there been any deaths that have occurred

8    in proximity to a suspect being tasered outside of

9    the sheriff's department so by any of your

10   deputies, but not necessary at the department?

11        A.   Not that I remember, no.

12        Q.   Sheriff, if two of the Statesville

13   officers who were handling Mr. Davidson both agree

14   that he was passively resisting at the time one of

15   your deputies tased him do you think it would be

16   appropriate for your deputy to tase him?

17                       MR. FLANAGAN:   Object to form.

18        Q.   You could still answer if you know.

19        A.   It's a hypothetical, I wasn't there, I

20   can't comment on it.  I'm not going to comment

21   because I don't know what the situation was.

22        Q.   And let me just ask you hypothetically

23   and I don't want you to give an opinion on this

24   situation, but just in your history as a law

25   enforcement officer if you are present and you see

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 19 of 26

1    two officers holding a suspect, one on each side,

2    and that suspect passively resisting would you

3    find it appropriate to tase them?

4                    MR. FLANAGAN:  Object to form.

5                    MR. ROZELL:  Same objection.

6                    MR. FLANAGAN:  Answer if you can.

7         A.   Well, again every situation is

8    different, I wasn't there.  You know, -- you know,

9    again, well, I can't -- I don't know what the

10   situation was, I don't know what's passive to one,

11   what is passive to another and I don't know the

12   reason for it, I'm just saying that, you know, I

13   don't get into hypotheticals.  Every situation is

14   different.  I have to be there to know what

15   actually was taking place.

16        Q.   Do you ever -- in your experience as a

17   law enforcement officer can you think of any

18   situations where it would be appropriate to use a

19   taser gun on someone who's handcuffed behind their

20   back and being held by two officers?

21        A.   Well, again I've never used a taser, but

22   I've been in many situations where a man

23   handcuffed and he was -- he was out of control and

24   it was -- it was a safety issue there trying to

25   subdue him.  So my understanding that's what's the

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 20 of 26

1    tasers are for is to -- is to make it safe for

2    both of the -- for the defendant as well as the

3    officer.

4         Q.    And in the situation that you described

5    or the situations that you're describing what

6    would you classify as out of control?

7         A.    What I was describing, you know,

8    kicking, shoving.  I know many folks is deadly

9    with just their feet.  And, you know, we -- I've

10   been with officers when they've had arms broken,

11   legs broken, ribs broken with handcuffed to the

12   folks in the past years that I've saw so...

13        Q.    And in these situations that you're

14   referencing the person was handcuffed as you were

15   -- the people were handcuffed?  I know we're

16   talking in general so you're talking about

17   situations where someone is handcuffed but they

18   were able to kick or shove or break an officer's

19   arm.  Is that what you're saying?

20        A.    Yeah, in the past years, yes.

21        Q.    Okay.  And in those situations from what

22   you recall were those suspects also being held by

23   officers at the time?

24        A.    I don't know whether they were held or

25   not.

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

1          Q.   After you were told by Mr. Dowdle that

2     there was a finding of no fault did you have any

3     other -- or did you come to talk about the

4     Davidson case again?

5          A.   No, ma'am.

6          Q.   Do you recall having any interactions

7     with Officer Cloer in the past at all?

8          A.   No, ma'am.

9          Q.   Okay.  So do you typically know your

10    sheriff deputies in general, just know who they

11    are, speak to them, know them by name?

12         A.   Some of them.  Criminal -- the criminal

13    part of it I do, I see them everyday, work with

14    them closely.  But again with the jail that's run

15    through the jail administrator and the chief

16    deputy and I -- and they come and go, I don't know

17    all of the officers over there.

18         Q.   Okay.  So you don't know Cloer?

19         A.   No, ma'am.

20         Q.   Do you know Officer Williams?

21         A.   No, ma'am.

22         Q.   And I'm asking if you know them today,

23    do you recall knowing of them back in July of

24    2008?

25         A.   No, ma'am.

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

1          Q.   Do you recall any disciplinary actions

2     that were taking against Williams as a result of

3     this incident?

4               MR. FLANAGAN:   Object to form.

5          A.   Not to my recollection.

6          Q.   Now, Sheriff, besides communications

7     with your attorney, I don't want to know anything

8     about that, but did you do anything else to

9     prepare for today's deposition?

10          A.   No, ma'am.

11          Q.   And have you talked to anyone about this

12     case in preparation for today's deposition?

13          A.   No, ma'am.

14          Q.   And as far as you recall the last time

15     that you discussed this case was after you learned

16     that there was a finding of no fault by the

17     internal investigator and SBI?

18          A.   Best of my recollection that's the last

19     time it was brought to my attention.

20          Q.   Okay.  All right.

21               MS. PHILLIPS:   Those are my

22     questions.

23               MR. ROZELL:   I don't have any.

24               WHEREUPON, at 11:20 a.m., the deposition

25     was adjourned.

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 23 of 26

## CERTIFICATION

I, Herman D. Wyatt, Notary Public in and for the County of Guilford, State of North Carolina at Large, do hereby certify:

That there appeared before me the foregoing witness at the time and place herein aforementioned;

That the said witness was sworn by me to state the truth, the whole truth, and nothing but the truth, in said cause;

That the testimony was taken before me and recorded by Stenomask, thereafter reduced to typewriting under my direct supervision, and the foregoing consecutively numbered pages are a complete and accurate record of all the testimony given by said witness;

That the undersigned is not of kin, nor in any wise associated with any of the parties to said cause of action, nor their counsel, and that I am not interested in the event(s) thereof.

IN WITNESS WHEREOF, I have hereunto set my seal this the 24th day of October, 2011.

_____

HERMAN D. WYATT
NOTARY #:20012700061

_____

10-5-11  Davidson vs. City of Statesville\5:10-CV-182    COPY

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

Case 5:10-cv-00182-RLV -DSC   Document 38-9   Filed 11/30/11   Page 24 of 26

### WITNESS CERTIFICATION

I, **SHERIFF PHILLIP H. REDMOND**, do hereby certify,

That I have read and examined the contents of the foregoing pages of record of testimony as given by me at the times and place herein aforementioned;

And that to the best of my knowledge and belief, the foregoing pages are a complete and accurate record of all the testimony given by me at said time, except as noted on the attached here (Addendum A).

I have _____,

Have not _____made changes/corrections to be attached.

_____ (Signature)

I, _____, Notary Public for the County of _____, State of _____, do hereby certify:

That the herein-above named personally appeared before me this the _____ day of _____, 20_____;

And that I personally witnessed the execution of this document for the intents and purposes herein above described.

_____

NOTARY PUBLIC

My Commission Expires:                    (SEAL)

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515

## ADDENDUM A

Upon the reading and examination of my deposition testimony as herein transcribed, I note the following changes and/or corrections with accompanying reason(s) for said change/correction:

**************************

| Page | Line | Is Amended to Read |
|------|------|--------------------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**10-5-11  Davidson vs. City of Statesville\5:10-CV-182    COPY**

Wyatt Legal Services, LLC, 3936 Elizabeth Glen Way, Jamestown, NC 27282 (336) 510-8515