IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-00182-RLV-DSC

| | |
|---|---|
| CHASTITY DAVIDSON, in her individual capacity and as Administratrix of the Estate of ANTHONY DEWAYNE DAVIDSON, )))))) | |
| Plaintiff, )) | |
| v. )) | **MEMORANDUM AND ORDER** |
| CITY OF STATESVILLE; OFFICER DAVID WAYNE LOWERY, in his individual and official capacity; OFFICER WILLIAM HOWARD GOFORTH, in his individual and official capacity; IREDELL COUNTY SHERIFF PHILLIP H. REDMOND, in his individual and official capacity; OHIO CASUALTY INSURANCE CO.; OFFICER JASON PATRICK CLOER, in his individual and official capacity; CORPORAL CHANCE ALLEN WILLIAMS, in his individual and official capacity; and OFFICER MARC ANTHONY CUDDY CARMONA, in his individual and official capacity, ))))))))))))))))))) | |
| Defendants. )) | |

**THIS MATTER** is before the Court on Defendants' Joint Motion for Stay of Proceedings Pending Appeal, filed April 27, 2012. (Doc. 57.) Therein, Defendants move that all further proceedings, including the trial scheduled for the May 7, 2012, term, be stayed pending the resolution of Defendants' interlocutory appeal. Plaintiff has submitted her Memorandum in Opposition, filed April 30, 2012. (Doc. 60.)

1

Defendants contend that the Court's Order granting in part and denying in part Defendants' Motions for Summary Judgment is immediately appealable because "it pertains to questions of law regarding qualified immunity, public officials' immunity and as it affects a substantial right."[1] (Doc. 57 at 4.) The Supreme Court has held that the denial of a public official's claim of qualified immunity from suit, to the extent that it turns on the legal questions of whether the conduct complained of violated clearly established law, is appealable as a "final decision" within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 526–28 (1985). Under the collateral order doctrine, a denial of qualified immunity can be properly appealable as a final decision because improperly subjecting a governmental defendant to suit is the harm in and of itself. *Id.* at 526; *Farrell v. Transylvania Bd. of Educ.*, 625 S.E.2d 128, 132–33 (N.C. App. 2006). However, just because an order denying a motion for summary judgment on qualified immunity grounds may be considered a final decision, it does not follow that the right to appeal is without limit.

As Defendants note, "a district court's order denying a defendant's motion for summary judgment [is] an immediately appealable 'collateral order' (*i.e.*, a 'final decision') under *Cohen*, where (1) the defendant was a public official asserting a defense of 'qualified immunity,' and (2) the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law." *Johnson v. Jones*, 515 U.S. 304, 311–12 (1995) (citation omitted). These special "collateral orders" are "too important to be denied review and too independent of the cause itself to require that appellate

---

[1] This "substantial right" is described as "the right to due process," which has been affected by the Court's "allowing Plaintiff to proceed to trial on an excessive force claim under Federal law . . . ." (Doc. 57 at 5–6.)

2

jurisdiction be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). This requirement of "independence" or separateness from the merits of the action "means that review *now* is less likely to force the appellate court to consider approximately the same (or a very similar) matter more than once, and also seems less likely to delay trial court proceedings (for, if the matter is truly collateral, those proceedings might continue while the appeal is pending)." *Johnson*, 515 U.S. at 313 (citing 15A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3911 (1992)). Accordingly, the appellate court "possess[es] jurisdiction to consider an appeal from a decision of a district court rejecting a government official's claim of entitlement to qualified immunity to the extent that the official maintains that the official's conduct did not violate clearly established law." *Bailey v. Kennedy*, 349 F.3d 731, 738 (4th Cir. 2003) (citing *Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir.1997) (en banc)). On the other hand, "to the extent that the appealing official seeks to argue the insufficiency of the evidence to raise a genuine issue of material fact—for example, that the evidence presented was insufficient to support a conclusion that the official engaged in the particular conduct alleged—[the appellate court] do[es] not possess jurisdiction under § 1291 to consider the claim." *Id*. In short, "[i]f the [lower court's] denial of qualified immunity turns on factual rather than legal questions, the denial is not properly subject to appellate jurisdiction under the collateral order doctrine because the decision is not 'final.'" *Levan v. George*, 604 F.3d 366, 369 (7th Cir. 2010) (citing *Johnson*, 515 U.S. at 313–18).

Qualified immunity must be pleaded by the defendant official. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Once the official raises a qualified-immunity defense, the burden shifts to the plaintiff to show that the official's conduct violated the law. *Bryant v. Muth*, 994 F.2d 1082,

3

1086 (4th Cir. 1993). The burden then shifts back to the defendant to demonstrate that the right was not clearly established at the time of the incident. *Henry v. Purnell*, 501 F.3d 374, 378 (4th Cir. 2007) (citing *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003)).

With regards to whether Defendants' conduct violated the law, and without further discussing Plaintiff's state-law claims, the nature of Plaintiff's excessive-force claim turns on whether Mr. Davidson was, at the time he was tased, an "arrestee," in which case the Fourth Amendment's prohibition against objectively "unreasonable . . . seizures" of the person would apply, or a "pretrial detainee," in which case the Fourteenth Amendment's more generalized notion of "substantive due process" is to govern, thereby putting in issue the subjective motivations of the individual officers.[2] Although a number of courts have held that the Fourth Amendment protections continue throughout the time the person remains in the custody of the arresting officers, as was the case here, *see, e.g.*, *Albright v. Oliver*, 510 U.S. 266, 276–81 (1994) (Ginsburg, J., concurring) (endorsing the concept of the continuing seizure); *Powell v. Gardner*, 891 F.2d 1039, 1044 (2d Cir. 1989) (holding that a seizure continues until arraignment so long as the arrestee "remains in the custody (sole or joint) of the arresting officer"); *McDowell v. Rogers*, 863 F.2d 1302, 1306 (6th Cir. 1988) (holding that once a seizure has occurred, it continues

---

[2] The Supreme Court has left unresolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). Circuits are split on the question; as one court stated, "[b]etween arrest and sentencing lies something of a legal twilight zone." *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000). The Fourth Circuit, however, has interpreted the Supreme Court's decision in *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), to require that excessive-force claims of pretrial detainees be analyzed under the Due Process Clause of the Fourteenth Amendment alone; the Fourth Amendment does not extend to such individuals. *Riley v. Dorton*, 115 F.3d 1159, 1162 (4th Cir. 1997) (en banc), *abrogated on other grounds by Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010).

4

throughout the time the arrestee remains with the arresting officers); *Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir. 1985) (same), upon further review, and in light of the fact that Mr. Davidson appeared before a neutral magistrate as well as the Fourth Circuit's application of the substantive due process standard at the moment the incidents of arrest are complete, the Court considers Mr. Davidson to have been a "pretrial detainee" rather than an "arrestee" at the time he was tased, *see, e.g.*, *Riley*, 115 F.3d at 1161–64. Accordingly, Plaintiff's excessive-force claim arises under the Fourteenth Amendment's Due Process Clause. *Orem v. Rephann*, 523 F.3d 442, 445 (4th Cir. 2008).

While the Court recognizes that "not every push or shove, even if it may later seem unnecessary," is serious enough to entail a deprivation of a constitutional right, *Graham*, 490 U.S. at 396, the facts, when viewed in a light most favorable to Plaintiff, evidence excessive use of a taser on a handcuffed individual who only passively resisted officers' efforts to move him within a detention center, thereby contributing to his eventual death in violation of his constitutional rights, *see Orem*, 523 F.3d at 446 (4th Cir. 2008) (identifying four relevant factors in answering the question of whether the defendant inflicted unnecessary and wanton pain and suffering: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; and (4) whether the force was applied in a good-faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm). A jury could find such behavior not to be a good-faith effort to restore discipline and, by extension, to be an "unnecessary and wanton infliction of pain." *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 320 (1991)).

Though a jury could find the officers' conduct to be excessive, the officers are entitled to

qualified immunity unless clearly established law would have put them on notice that use of a taser is impermissible when used in a malicious manner, as wanton infliction of pain or to punish rather than restore control, or against an individual who is under control and in custody. As mentioned, the burden is on Defendants to establish their entitlement to immunity. "[A]lthough the exact conduct at issue need not have been held to be unlawful in order for the law governing an officer's actions to be clearly established, the existing authority must be such that the unlawfulness of the conduct is manifest." *Wilson v. Layne*, 141 F.3d 111, 114 (4th Cir. 1998), *aff'd*, 526 U.S. 603 (1999).

Here, Defendants have proffered no argument as to whether, taking the facts in the light most favorable to Plaintiff, Mr. Davidson had no clearly established right not to be tased at the time of the incident. Indeed, at the time of the incident, it was "clearly established that an arrestee or pretrial detainee is protected from the use of excessive force" where such force is used to punish or intimidate. *Wernert v. Green*, 419 Fed. App'x 337, 342 (4th Cir. 2011) (citing *Orem*, 523 F.3d at 448). As "Plaintiff has . . . established a genuine issue of material fact as to whether the remaining individual Defendants acted in a manner intended to be injurious" and used their tasers "needlessly" and without a legitimate purpose, Defendants' claims of qualified immunity cannot bar suit. (Doc. 55 at 7–8.)

In their supportive memoranda, Defendants address to some extent the Fourth Amendment's reasonableness standard, arguing that, based upon the facts as they have found them, the defendant officers conducted themselves reasonably under the chaotic circumstances. (Doc. 38 at 16; Doc. 40 at 20.) Additionally, Iredell Defendants have discussed the facts they have found pertinent to the Fourteenth Amendment inquiry but have made no mention of any

6

lack of clearly established law, instead summarily arguing that the officer's conduct cannot be considered "wanton." (Doc. 46 at 6–7.) Such are primarily factual disputes, ill-capable of being separated from the merits of Plaintiff's claim. As Justice Breyer wrote in *Johnson*, where "a defendant simply wants to appeal a district court's determination that the evidence is sufficient to permit a particular finding of fact[,] . . . it will often prove difficult to find any such 'separate' question . . . ." *Johnson*, 515 U.S. at 314. That admonition rings true here where resolution of the immunity defense depends upon disputed factual issues—not hinging on issues of law—and therefore an immediate appeal may not be taken.

Finally, Defendants argue the matter of whether Plaintiff's excessive-force claim meets the requirements of Federal Rule of Civil Procedure 8 to be immediately appealable. However, the Court's determination as to this matter neither constitutes a "final judgment," ending the litigation on the merits, nor does it fall within the limited set of immediately reviewable orders pursuant to the collateral-order doctrine because any pleading deficiency may have been corrected.

**IT IS, THEREFORE, ORDERED** that Defendants' Joint Motion for Stay of Proceedings Pending Appeal (Doc. 57) be **DENIED**. This case shall be rescheduled for trial during the Court's January 2013 term.

Signed: October 22, 2012

Richard L. Voorhees
United States District Judge