UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-cv-182-RLV-DSC

| | |
|---|---|
| CHASTITY DAVIDSON, in her individual capacity and as Administratrix of the Estate of ANTHONY DEWAYNE DAVIDSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF STATESVILLE; OFFICER DAVID WAYNE LOWERY, in his individual and official capacity; OFFICER WILLIAM HOWARD GOFORTH, in his individual and official capacity; IREDELL COUNTY SHERIFF PHILLIP H. REDMOND, in his individual and official capacity; "JOHN DOE SURETY COMPANY"; OFFICER JASON PATRICK CLOER, in his individual and official capacity; CORPORAL CHANCE ALLEN WILLIAMS, in his individual and official capacity; and OFFICER MARC ANTHONY CUDDY CARMONA, in his individual and official capacity,<br><br>Defendants. | **ORDER APPROVING MOTION FOR AUTHORIZATION FOR TRANSFER OF PAYMENT RIGHTS** |

THIS MATTER COMING TO BE HEARD UPON the unopposed Motion For Authorization For Transfer of Structured Settlement Payment Rights, due notice having been given and the Court being fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The transfer of the structured settlement proceeds A) 1 payment of $25,000.00 on June 12, 2018 B) 1 payment of $30,000.00 on June 12, 2022 (the "Assigned Payments") by **D'Anthony Davidson** *("Davidson" or "Payee")* to J.G. Wentworth Originations, LLC (the "Transferee"), a Nevada Limited Liability Company, as described in the Petition (the "Proposed Transfer") (i) does not contravene any Federal or State statute or the Order of any Court or

responsible administrative authority and (ii) is in the best interest of the payee, taking into account the support of the payee's dependents, if any.

2. Pursuant to Article 44B of the North Carolina General Statutes, Secs. 1-543.10 et. Seq., the Structured Settlement Protection Act and Chapter 55 of the United States Code - Structured Settlement Factoring Transactions, Section 5891, as amended, the Court expressly finds that J.G. Wentworth Originations, LLC, a Nevada Limited Liability company, provided *Davidson* with a separate Disclosure Statement setting forth:

   a. the amounts and due dates of the structured settlement payments to be transferred;

   b. the aggregate amount of such payments;

   c. the discounted present value of the payments to be transferred, which was identified as the "calculation of current value of the transferred structured settlement payments under federal standards for valuing annuities" and the amount of the applicable federal rate used in calculating such discounted present value;

   d. the gross advance amount;

   e. an itemized listing of all applicable transfer expenses, other than attorney's fees and related disbursements payable in connection with Transferee's application for approval of the transfer, and Transferee's best estimate of the amount of any such fees and disbursements;

   f. the net advance amount;

   g. the amount of any penalties or liquidated damages payable by the Payee in the event of any breach of the Transfer Agreement by the Payee; and

   h. a statement that the Payee had the right to cancel the Transfer Agreement without penalty or further obligation, not later than the third business day after the date the agreement was signed by the Payee.

3. The Payee has received independent professional advice regarding the legal, tax and financial implications of the transfer.

4. The Proposed Transfer satisfies all of the requirements of the North Carolina General Statutes and the transfer does not contravene any Federal or State statute, or the order of

any court or other government or administrative authority. The transfer complies with applicable laws.

5. The Proposed Transfer is approved. The Payee interest in the Assigned Payments is hereby transferred from the Payee to the Transferee, a Nevada Limited Liability Company.

6. The Structured Settlement Obligor, **MetLife Tower Resources Group, Inc.** shall direct the Annuity Issuer, **Metropolitan Life Insurance Company** to forward the Assigned Payments within seven (7) days of the date due to J.G. Wentworth Originations, LLC a Nevada Limited Liability Company, at PO Box 83364, Woburn, MA 01813-3364.

    A)     1 payment of $25,000.00 on June 12, 2018

    B)     1 payment of $30,000.00 on June 12, 2022

    **TOTAL    $55,000.00**

7. That recipient *Davidson* is to receive a lump sum cash payment in the amount of **$37,450.00**.

8. Notwithstanding anything in the Purchase Agreement, nothing in this Order shall be construed as an obligation on the Annuity Issuer or Structured Settlement Obligor to divide any periodic payment between the Payee and Transferee or between two or more transferees or assignees.

9. The Transferee shall be liable to the Structured Settlement Obligor and to the Annuity Issuer:

    a.     If the transfer contravenes the terms of the structured settlement, for any taxes incurred by the Structured Settlement Obligor or the Annuity Issuer as a consequence of the transfer; and

    b.     For any liabilities or costs, including reasonable costs and attorneys' fees, arising from compliance by such parties with this order of the Court or arising as a consequence of the Transferee's failure to comply with the Act.

10. The Structured Settlement Obligor and Annuity Issuer shall irrevocably change the beneficiary for the Assigned Payments to the Transferee, and no other individual or entity other than the Transferee shall have the authority to change beneficiary for the Assigned Payments. However, the death of the Payee prior to the due date of the Assigned Payments shall not affect the transfer of the Assigned Payments from the Payee to the Transferee and the Payee understands he is giving up his rights and the rights of his heirs, successors and or beneficiaries to the Assigned Payments.

IT IS SO ORDERED.

Signed: January 12, 2016

Richard L. Voorhees
United States District Judge